# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:08CV94-3-V
### 5:05CR9-16-V


| | |
|---|---|
| KENYA LASHAN MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| v | )      **ORDER** |
| | ) |
| UNITED STATED OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

    **THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and "Motion for Extension of Time Under 28 U.S.C. § 2255" filed August 11, 2008 (Doc. No. 2.)

    On August 11, 2008, Petitioner filed a form Motion to Vacate and a Motion for an Extension of Time to file a memorandum in support of her Motion to Vacate. Petitioner's filing of the form § 2255 motion without a memorandum in support seems to be premised of her belief that her one-year limitations period expired on July 30, 2008. As outlined in this Order, Petitioner's calculation of her one-year limitations period is not correct.

    In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For the purposes of the limitations period of § 2255, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003).

Petitioner filed a direct appeal of her sentence and conviction in the Fourth Circuit Court of Appeals. The Fourth Circuit affirmed Petitioner's sentence and conviction in an unpublished opinion on July 30, 2007. Petitioner did not file a petition for certiorari in the Supreme Court. Therefore, her conviction became final 90 days after the Fourth Circuit issued its decision, on or about October 28, 2008. Therefore, Petitioner has until October 28, 2008 to file a complete Motion to Vacate pursuant to 28 U.S.C. § 2255.

Because Petitioner's one-year period of limitations to file a timely § 2255 motion has not yet expired, the Court will dismiss her Motion to Vacate without prejudice to the filing of a complete motion within the one-year limitations period. Petitioner's motion for an extension of time is dismissed as moot.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate is dismissed without prejudice and her motion for extension of time is dismissed as moot.

**SO ORDERED**.

Signed: August 14, 2008

Richard L. Voorhees
United States District Judge